```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION

HSBC BANK USA NATIONAL            §
ASSOCIATION, AS TRUSTEE FOR THE   §
HOLDERS OF MASTR REPERFORMING     §
LOAN TRUST 2006-2,                §
                                  §
              Plaintiff,           §
                                  §
VS.                               §   CIVIL ACTION NO. H-13-0736
                                  §
MATTHEW ANTONIO VAUGHAN AND ALL   §
OCCUPANTS,                        §
                                  §
              Defendant.           §
```

OPINION AND ORDER OF REMAND

Pending before the Court in the above referenced cause, an appeal of a forcible detainer suit removed the County Court at Law No. 3, Harris County Texas, Cause No. 1028033, is a motion to remand this case under 28 U.S.C. § 1447(c), filed by Plaintiff HSBC Bank USA National Association, as Trustee for the Holders of Mastr Reperforming Loan Trust 2006-2 and motion for attorney's fees (instrument #3).

Plaintiff argues that (1) the removal was untimely, (2) this case cannot be removed based on diversity jurisdiction, and (3) Defendants failed to meet their burden to show that federal jurisdiction exists. Plaintiff requests an award of attorney's fees and costs in the amount of $2000 because the removal was improper.

Plaintiff correctly asserts that removal of a case from state

-1-

court must be effected within thirty days after the defendant receives the summons and a copy of the initial complaint/petition or of an amended pleading from which it may first be determined that the case is or has become removable.  28 U.S.C. § 1446(b); *Murphy Brothers v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Other than a class action, no case may be removed more than one year after it was originally filed.  28 U.S.C. § 1446(b); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 75 (1996).  Plaintiff filed this case on January 9, 2013 and served Defendants on January 18, 2013, but Notice of Removal was not filed until March 15, 2013.  *See Shaw v, Nix*, ____ F. Supp. 2d ___, No. Civ. A. H-98-2927, 1998 WL 894587, at *1 (S.D. Tex. Dec. 18, 1998)(holding that "because justice of the peace courts have exclusive original jurisdiction over forcible entry and detainer cases," an appeal of a forcible entry and detainer action to county court at law is merely a continuation of the original suit filed in justice court ").[1]

Second, insists Plaintiff, Defendants, as the parties seeking to invoke the court's diversity jurisdiction, failed to meet their burden to establish the existence of diversity jurisdiction. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991)(the party seeking to invoke jurisdiction has the burden of proving that

---

[1] *In accord, Wells Fargo Bank, N.A. v. Anderson*, Civ. A. No. 3:11-CV-024-K, 2011 WL 1135121, at *2 (N.D. Tex. Mar. 28, 2011); *Deutsche Bank Nat. Trust Co. v. Rohleder*, Civ. A. No. H-13-1547, 2013 WL 3884231, at *2 (S.D. Tex. July 19, 2013).

complete diversity exists).  Citizenship for diversity jurisdiction must be "distinctly and affirmatively alleged" and the "complaint must specifically allege each party's citizenship and these allegations must show that the plaintiff and defendant are citizens of different states."  *Stafford*, 945 F.2d at 804-05.  For the citizenship of corporations, under 28 U.S.C. § 1332(c) the removing party must identify the state of incorporation and the principal place of business.  *Nadler v. American Motor Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985)(law demands strict adherence to these rules). Failure to adequately allege the basis for diversity jurisdiction mandates dismissal.  *Stafford*, 945 F.2d at 805.  Any uncertainty regarding jurisdiction must be resolved in favor of remand.  *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986). Defendants merely assert that Plaintiff's main office is in Delaware and that they are citizens of Texas, but fails to identify Plaintiff's principal place of business.

    Alternatively Plaintiff claims that Defendants have failed to establish that the amount in controversy exceeds $75,000, excluding interests and costs.  28 U.S.C. § 1332(a)(1).  Where the plaintiff has failed to make a specific monetary demand or it is not facially apparent that the amount in controversy is above $75,000, the defendant bears the burden to prove by a preponderance of summary judgment-like evidence that the amount in controversy exceeds the jurisdictional amount.  *Manguno v. Prudential Property and Cas. Ins.*

*Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Defendants contend that the value of the property is $77,569.00. Plaintiff objects that (1) Defendants provide no evidence to support this assertion and (2) in a forcible detainer action, the amount in controversy is the value of the right to occupy or possess the property in dispute, not the fair market value.[2] Defendants present no evidence of the value of occupying the property, e.g., the rental value of the property for a period of time. *Ezon v. Cornwall Equities Ltd.*, 540 F. Supp. 885, 889 (S.D. Tex. 1982).

Because the removal was not proper, Plaintiff seeks an award of attorney's fees, actual expenses, and costs in the amount of $2,000 under 28 U.S.C. § 1447(c).

*Pro se* Defendant Matthew Antonio Vaughan objects that the amount in controversy meets requirements because the current fair market value of the property is $77,569. Defendant also reiterates that Plaintiff is a citizen of Delaware because that is where its main office is located, but fails to address the question of principal place of business.

The Court agrees with Plaintiff that as a matter of law the fair market value is not the proper measure of the amount in damages in a forcible detainer suit; instead it is the value of the right to occupy or possess the property, regarding which Defendant has

---

[2] *See Federal Nat. Mortg. Ass'n v. Ramirez*, No. 3:13-cv-2082-M, 2013 WL 6768002, at *2 (N.D. Tex. Dec. 23, 2013)(and cases cited therein).

failed to submit any evidence. *See, e.g., Federal Nat. Mortg. Ass'n v. Perry*, No. 3:13-cv-4015-B, 2013 WL 6231556, at *2 (N.D. Tex. Dec. 2, 2013). Moreover Defendant has not identified the state of Plaintiff's principal place of business. Where the plaintiff states facts alleging only one of the two possible states of corporate citizenship, he has not alleged enough to establish diversity jurisdiction. *Stafford*, 945 F.2d at 805, *citing Leigh v. Nat'l Aeronautics & Space Admin.*, 860 F.2d 652, 653 (5th Cir. 1988). Therefore Defendant has not met his burden of proof to show the existence of diversity jurisdiction.

An award of attorney's fees and costs incurred as a result of improper removal under 28 U.S.C. § 1447(c) is within the Court's discretion. *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). In determining whether to award fees and costs, the court should ask "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Given Defendant's *pro se* status, the Court chooses not to award Plaintiff fees and costs. *Federal Nat. Mortg. Ass'n v. Ramirez*, No. 3:13-cv-4084-M, 2013 WL 6768002, at *3 (N.D. Tex. Dec. 23, 2013), *citing Fed. Nat. Mortg. Assoc. v. Elliott*, No. 3:10-cv-1321-L, at *5 (N.D. Tex. Nov, 16, 2010)(declining to award attorneys' fees and costs because the Court could not say that the removal was objectively unreasonable where the defendant was *pro se* and proceeding *in forma pauperis*); *Wells*

*Fargo Bank, N.A. v. Anderson*, Civ. A. No. 3:11-CV-024-K, 2011 WL 1135121, at *3 (N.D. Tex. March 28, 2011) (denying award of fees and costs in a removed forcible detainer action by a *pros se* defendant because of the facts and circumstances).

Thus the Court

ORDERS that Plaintiff's motion to remand (#3) this case to the County Court at Law No. 3, Harris County Texas, where it was designated as Cause No. 1028033, is GRANTED.  The Court further

ORDERS that Plaintiff's motion for fees and costs is DENIED.

**SIGNED** at Houston, Texas, this  8th  day of  January , 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE